IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:13-cv-00002-FDW

| ANTHONY LEE RUTHERFORD, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) |
| | ) **ORDER** |
| ROBBIE HOLLAND, Macon County Sheriff, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on consideration of Plaintiff's pro se complaint that was filed pursuant to 42 U.S.C. § 1983. (Doc. No. 1). For the reasons that follow, Plaintiff's complaint will be dismissed.

## I.    BACKGROUND

Plaintiff is a prisoner of the State of North Carolina following his conviction in Macon County on multiple charges including attaining the status of habitual felon, driving while impaired, and felony speeding to elude arrest. Plaintiff's projected release date is in May 2021.

In his complaint, Plaintiff raises a host of claims which he alleges occurred while he was awaiting disposition of his criminal charges and housed within the Macon County jail and in the custody of the Macon County Sheriff. For example, Plaintiff contends he was harassed by Macon County sheriff's deputies because they assaulted him, denied him admittance to a mental health facility, denied him other proper medical treatment, denied him access to the courts, and fabricated criminal charges. Plaintiff alleges that all of these perceived violations occurred under the watchful eye of Sheriff Holland.

1

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under Federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

## III. DISCUSSION

In his claim for relief, Plaintiff seeks an order initiating an FBI investigation into the allegations in his complaint and further injunctive relief that would presumably secure him mental health treatment as he awaits disposition of his State criminal charges. Plaintiff expressly notes that he does not seeks monetary damages. (2:13-cv-00002, Doc. No. 1: Compl. at 4).

"[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive or declaratory relief with respect to his incarceration there." Rendelman v. Rouse, 569 F.3d 182, 186 (4th Cir. 2009) (citing Incumaa v. Ozmint, 507 F.3d 281, 286-87 (4th Cir. 2007); Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991); Taylor v. Rogers, 781 F.2d 1047, 1048 n.1 (4th Cir. 1986)).

Plaintiff is only seeking injunctive relief for alleged violations that occurred while he was a pretrial detainee in the Macon County jail, and he is now in the custody of the North Carolina Department of Public Safety; therefore his complaint will be dismissed as moot.

IV. CONCLUSION

For the reasons stated herein, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted and his complaint will be dismissed. 28 U.S.C. § 1915A(b)(1).

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice. (Doc. No. 1).

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: March 4, 2016

Frank D. Whitney
Chief United States District Judge